UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re:

COMPLETE RETREATS, LLC, et al.,
    Debtors.

PRIVATE RETREATS BELIZE, LLC,
    Plaintiff,

v.

JEFFREY GRAM, et al.,
    Defendants.

CIVIL ACTION NO.
3:07mc152 (SRU)

## ORDER ON MOTION FOR LEAVE TO APPEAL

Private Retreats Belize, LLC, the plaintiff-debtor in the underlying bankruptcy action, has moved for leave to appeal an interlocutory order by the U.S. Bankruptcy Court staying bankruptcy proceedings pending the outcome of parallel litigation before the Supreme Court of Belize. The defendants[1] object on the ground that Private Retreats has failed to satisfy its burden under 28 U.S.C. § 1292(b), which provides the standard for determining whether a leave for appeal should be granted. Because Private Retreats has failed to make the requisite showing for leave to appeal an interlocutory order, its motion is denied.

**I.    Factual Background**

In the Bankruptcy Court, Private Retreats seeks the recovery of fraudulent and

---

[1] The defendants are Jeffrey Gram, Casa Olita Limited, Private Island Management Group, Espanto Island Resort Limited, Espanto Partners Limited, Bluewater Holding Limited, and Island Seekers Limited.

preferential transfers of property and money damages from the defendants.[2]  Pl. Motion for Leave to Appeal, ¶4.  The property involved is located in Belize.  *Id.* at ¶5.  Private Retreats alleges that Jeffrey Gram and his various subsidiaries fraudulently transferred property entrusted to his management from Private Retreats to himself.  *Id.* at ¶¶9-11.  Private Retreats has also filed suit in the Supreme Court of Belize seeking a ruling that (1) the purported foreclosure of the property was fraudulent under Belizean law,  (2) Private Retreats may exercise its equitable right of redemption, and (3) it is due money damages for the mismanagement of the resort property by Gram.  *Id.* at ¶16.  The defendants filed a Motion to Abstain, or in the alternative, Stay Proceedings in the U.S. bankruptcy case.  *Id.* at ¶18.  Judge Shiff granted the motion, staying the proceedings pending the outcome of the Belizean litigation on the basis that any ruling by the Belizean court might be inconsistent with a ruling in the bankruptcy litigation and any award for plaintiff in that action might entirely negate the need to continue the bankruptcy proceedings. Transcript, at pp. 20-21, 22-23, 25, 26, 29.

Private Retreats argues that Judge Shiff failed to properly analyze whether to stay the proceedings under the factors enumerated by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and *Royal & Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 95-96 (2d Cir. 2006), two cases governing discretionary abstention by federal courts when parallel litigation exists in a separate forum.  The defendants object to the motion for leave to appeal on the ground that Private Retreats has not met the section 1292(b) factors required for leave to appeal an interlocutory order.  Rather, the defendants point out that Private Retreats has

---

[2] The facts have been drawn from the plaintiff's motion for leave to appeal, the defendants' memorandum in opposition, and the transcript of the April 10, 2007 hearing before Judge Shiff.

incorrectly focused on the merits of the decision before Judge Shiff, not why an interlocutory appeal is merited. The defendants contend that mere dissatisfaction with the court's ruling is not grounds for interlocutory appeal.

## II. Discussion

### A. Standard of Review

District courts enjoy the authority pursuant to 28 U.S.C. § 158(a) to hear appeals from interlocutory orders of bankruptcy judges. Such appeals are discretionary, not a matter of right. Bankruptcy Rule 8003 lists the necessary information that must accompany any motion for leave to appeal. A motion for leave to appeal must contain:

> (1) a statement of facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and the relief sought; (3) a statement of the reasons why appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Bankruptcy Rule 8003.

The standard of review for a motion for leave to appeal is governed by 28 U.S.C. § 1292(b). *Gache v. Balaber-Strauss*, 198 B.R. 662, 664 (S.D.N.Y. 1996). Under section 1292(b), interlocutory orders may be appealed only if the movant can demonstrate: (1) the order involves a controlling issue of law; (2) about which there is substantial ground for difference of opinion; and (3) an appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b). In bankruptcy cases, movants for leave to appeal an interlocutory order have the burden of demonstrating that "exceptional circumstances exist." *Gache*, 198 B.R. at 664 (quoting *In re Johns-Manville Corp.*, 47 B.R. 957, 960 (S.D.N.Y. 1985)).

District courts have broad discretion when considering motions for leave to appeal under

section 1292(b) and the Second Circuit has advised that courts should "take great care" in granting those motions. *Estevez-Yalcin v. The Children's Village*, No. 01-CV-8784, 2006 WL 3420833, at *1-2 (S.D.N.Y. 2006). Delaying appeal until after a final judgment is rendered is a "basic tenet" of federal law. *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Therefore, section 1292(b) motions should be granted sparingly and only where an interlocutory appeal will avoid drawn-out, protracted litigation. *Id.* at 865-66.

B.    Section 1292(b) Elements

Private Retreats has not made the requisite showing that an appeal from the Bankruptcy Court's interlocutory order is warranted. Having advanced only a superficial and cursory argument that it has met all three section 1292(b) factors, Private Retreats has failed to meet its burden of demonstrating that exceptional circumstances exist in this case.

1.    *No Controlling Question of Law*

In bankruptcy proceedings, an interlocutory order does not raise a controlling question of law where alternative legal grounds exist for the court's order. *Dynegy Marketing & Trade v. Enron Corp. (In re Enron Corp.)*, 316 B.R. 767, 772 (S.D.N.Y. 2004) (citing *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004)). Where reversal of the bankruptcy court's order will not terminate the action, the issue is not "controlling."[3] *Estevez-Yalcin*, 2006 WL 3420833, at *3. In *Estvez-Yalcin*, the court denied the motion for leave to appeal because doing so would extend the action, not terminate it. *Id.* Furthermore, where other grounds exist, it is not necessary that the order enumerate them. *See Worldcom, Inc.*, 368 F.3d at

---

[3] Questions of personal or subject matter jurisdiction are most commonly appealed under section 1292(b) because resolution of those issues could potentially dispose of the case without need to delve into the merits. *Estevez-Yalcin*, 2006 WL 3420833, at *3.

95 ("Because at least one alternative basis [for the interlocutory order] *may* exist . . . we are not convinced that the [movants] have raised a 'controlling question' that should be reviewed on an interlocutory basis.") (emphasis added). Finally, where a "legal" issue is "essentially fact based in nature" interlocutory appeal is not appropriate. *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 349 (N.D.N.Y. 1994), *rev'd on other grounds by*, 106 F.3d 1125 (2d Cir. 1997).

First, reversing Judge Shiff's order staying the case will not terminate the action, but rather allow it to proceed. Thus, the question of law cannot be considered "controlling" in the most basic sense. Furthermore, Judge Shiff enumerated several reasons for staying the proceeding pending the outcome of the Belizean litigation. For reasons of international comity, Judge Shiff sought to avoid the possibility of two competing judgments, which could be adverse to one another. Transcript p. 21 ("Well, if [the relief granted is] overlapping, then there is a risk of an inconsistent decision, and this Court enforcing its order at the expense of an order issued by a Belizean court.").

Next, Judge Shiff cited judicial efficiency as a reason for staying the proceeding:

[Plaintiffs' Counsel]: Well, yes, Your Honor. If the Belize court overturns this foreclosure sale, then we would probably seek to voluntarily dismiss those claims in this action here.

The Court: So why don't I abstain and see what happens in Belize?

\* \* \*

If you win in Belize, you've got nothing more that you need to do in this Court.

\* \* \*

The best course here is to let the Belizean matter go forward and to hold up what's going on here. I think it's the cleanest way of doing it. It avoids the

>overlap problems. I believe issue preclusion would apply. There are
>defenses to issue preclusion, but I will consider them if they are raised.

Transcript pp. 25-26, 29. Bankruptcy courts, like all courts, have inherent authority to regulate their docket, which they may use by staying litigation pending the resolution of other proceedings that may dispose of or narrow the issues before them. *BNY Licensing Corp. v. Isetan of America, Inc. (In re Barney's, Inc.)*, 206 B.R. 336, 343-44 (S.D.N.Y. 1997). The decision to stay the proceedings on the basis of at least two different grounds—international comity and judicial efficiency—means that the question of law for this order is not "controlling."

Finally, though the question of whether to stay a proceeding on the basis of international comity, pending the outcome of another case, is fairly considered a "legal" question, it requires a heavily fact-based analysis. Indeed, both parties agree that the standard of review that would apply on appeal is an abuse of discretion standard, not de novo. As such, the decision to stay the bankruptcy proceeding pending the outcome of the Belizean litigation is not an appropriate issue for an interlocutory appeal.

2. *No Substantial Difference of Opinion*

Mere disagreement with the bankruptcy court's decision does not rise to the level of a substantial difference of opinion. *Estevez-Yalcin*, 2006 WL 3420833, at *4. Instead, a movant must create "substantial doubt" about the correctness of the court's order. *Id.* (quoting *N.F.L. Ins. Ltd v. B & B Holdings, Inc.*, No. 91 Civ. 8580, 1993 WL 255101, at *2 (S.D.N.Y. 1993). Generally speaking, the substantial difference of opinion standard is met if there is a circuit split on the controlling question or where the issue is one of first impression. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione*

*Straordinara*, 921 F.2d 21, 25 (2d Cir. 1990) (finding this element met where the issue was "difficult" and one of "first impression"); *In re Pappas*, 207 B.R. 379, 381-82 (2d Cir. BAP 1997) (affirming grant of motion for interlocutory appeal where the case law indicated a substantial difference of opinion between circuits on the controlling issue).

Private Retreats has not cited any case law demonstrating there is a difference of opinion on how or when to apply international comity when considering motions to stay pending the outcome of foreign litigation. Certainly the issue is not one of first impression as demonstrated by both parties' invocation of *Royal & Sun Alliance* as the controlling case in the Second Circuit on this issue.

The only point that Private Retreat attempts to make concerning this prong is that the bankruptcy court failed to analyze and weigh the necessary factors as set forth in *Royal & Sun Alliance*. Private Retreat fails, however, to discern that the appellate court applied those factors when weighing the district court's *abstention and dismissal* on the basis of parallel proceedings in a foreign jurisdiction. *Royal & Sun Alliance*, 466 F.3d at 94. On the issue of merely *staying* the action, the court expressed approval. *Id.* at 96. It stated that:

> [A] measured temporary stay need not result in complete forfeiture of jurisdiction [unlike an abstention]. As a lesser intrusion on the principle of obligatory jurisdiction, which might permit the district court a window to determine whether the foreign action will in fact offer an efficient vehicle for fairly resolving all the rights of the parties, such a stay is an alternative that normally should be considered before a comity-based dismissal is entertained.

*Id.* Because the bankruptcy court has retained jurisdiction over the case by staying the proceedings pending the outcome of the Belizean litigation, rather than abstaining and refusing to assert jurisdiction entirely, the factors outlined by *Royal & Sun Alliance* do not bear as strongly

on this case. Therefore, what Private Retreats describes as an allegedly inadequate analysis of the *Royal & Sun Alliance* factors at the April 10, 2007 hearing does not raise a "substantial doubt" about the correctness of the order below. By staying the proceedings and retaining jurisdiction, rather than abstaining, Judge Shiff was under no obligation under *Royal & Sun Alliance* undertake a detailed consideration of those factors. Private Retreats merely disagrees with Judge Shiff's application of the facts to the law, which is not a sufficient basis for establishing that a substantial difference of opinion exists.

        3.    *Appeal Will Not Materially Advance the Litigation's Termination*

Finally, where an immediate appeal will not materially advance the litigation's ultimate termination, a motion for leave to appeal should not be granted. An appeal will advance the termination of the litigation if it advances the time for trial or shortens the time required for trial. *Estevez-Yalcin*, 2006 WL 3420833, at *4. In *Estevez-Yalcin*, the court denied a section 1292(b) motion where an interlocutory appeal would have prolonged rather than terminated the litigation. *Id.* at *5. The court determined that granting the motion would encourage protracted litigation, not avoid it, and thus go against the statute's intended purpose. *Id.*

Similarly, granting Private Retreat's motion for leave to appeal would not materially advance the litigation's ultimate termination, but would instead substantially complicate matters. Reversing Judge Shiff's order on appeal would resume the proceedings in the bankruptcy court. Hypothetically, the Belizean court could contemporaneously enter a judgment that is materially adverse to a judgment by Judge Shiff. Matters would become incredibly protracted as each party attempted to enforce the judgment most favorable to it. The course set by Judge Shiff ensures that the duplicative claims at issue are only going to be heard once: by the Belizean court. Once

that court renders its decision, the bankruptcy court proceeding could be dismissed or, at the very least, narrowed in scope. Thus, rather than advance the case toward ultimate termination, an appeal would do the opposite by ensuring that multiple forums will hear duplicative claims, thus extending the possibility of protracted and unnecessary litigation.

### III. Conclusion

Private Retreats has not made a compelling argument that any of the section 1292(b) factors are present in this case. In addition, Private Retreats has failed to meet its burden of demonstrating that exceptional circumstances warrant an interlocutory appeal from the bankruptcy court's stay order. Accordingly, Private Retreat's motion for leave to appeal (**Doc. # 1**) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of January 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge